OTTO O. LEE, SBN 173987
olee@iplg.com
JOHN V. MEJIA, SBN 167806
jmejia@iplg.com
MARGAUX A. AVIGUETERO, SBN 244767
maviguetero@iplg.com
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

Attorneys for Plaintiff
T-CROSS

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C08 02373 RS

| | |
|---|---|
| T-CROSS, a South Korean sole proprietorship,<br><br>Plaintiff,<br><br>v.<br><br>MARKETING SPECIALISTS, INC, an Arkansas corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>(1) **DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENT;**<br>(2) **DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF TRADEMARK AND NON-INFRINGMENT OF TRADEMARK; AND**<br>(3) **CANCELLATION OF FEDERAL TRADEMARK REGISTRATION** |

Plaintiff T-Cross, for its Complaint against Defendant, Marketing Specialists, Inc. ("Marketing Specialists"), alleges as follows:

**NATURE OF THE ACTION**

1.      This action is based on the patent laws of the United States, Title 35 of the United States Code, and the trademark laws of the United States, Title 15 of the United States Code, sections 1051 *et seq*. Marketing Specialists has asserted rights under United States Design Patent No. D495,208 (the "'208 patent") and United States Trademark Registration No. 3004807 for SHOTSHELL (the "SHOTSHELL Mark Registration") based on certain past activity by T-Cross,

- 1 -

Complaint for: (1) Declaratory Judgment of Non-Infringement of Patent; (2) Declaratory Judgment of Invalidity and Unenforceability of Trademark and Non-Infringement of Trademark; and (3) Cancellation of Federal Trademark Registration

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, Twelfth Floor
San Jose, California 95113

and T-Cross contends that it has the right to engage in this activity without a license. True and correct copies of the '208 patent and the electronic records for the SHOTSHELL Mark Registration are attached hereto as Exhibits 1 and 2, respectively. T-Cross now seeks judicial declaration that it does not infringe the '208 patent, the SHOTSHELL mark, and the SHOTSHELL Mark Registration; that Marketing Specialists' SHOTSHELL mark is invalid and unenforceable; and requests the Court to cancel Marketing Specialists' SHOTSHELL Mark Registration because the SHOTSHELL mark is merely descriptive and should not have been allowed for federal registration by the United States Patent and Trademark Office (the "USPTO").

## THE PARTIES

2. Plaintiff T-Cross is a South Korean sole proprietorship with its headquarters at Woolim e-Biz Center B/D, 210-21, Seongsu2-Ga, Seongdong-Gu, Seoul, Korea. John Kim is the sole proprietor.

3. On information and belief, Defendant Marketing Specialists is a corporation existing under the laws of the State of Arkansas, with its principal place of business at 416 Stribling Road, Rogers, Arkansas, 72756. Marketing Specialists' registered agent as listed with the Arkansas Secretary of State is located at 1100 Worthen Bank Building, Little Rock, Arkansas, 72201.

## JURISDICTION

4. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which T-Cross seeks declaratory relief under the Declaratory Judgment Act. Thus, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. This is also a civil action regarding allegations of trademark infringement arising under the trademark laws of the United States, Title 15 of the United States Code, sections 1051 *et seq.*, in which T-Cross seeks declaratory relief under the Declaratory Judgment Act. Thus, the Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1119, 1121 and 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. The Court has personal jurisdiction over Marketing Specialists because Marketing Specialists has established certain minimum contacts with California such that the exercise of

personal jurisdiction over Marketing Specialists would not offend traditional notions of fair play and substantial justice. Marketing Specialists has and continues to conduct business in the State of California and within the Northern District of California.

### VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Court has personal jurisdiction over Marketing Specialists.

### INTRADISTRICT ASSIGNMENT

8. This is an Intellectual Property Action subject to district-wide assignment under Local Rule 3-2(c).

### FACTUAL BACKGROUND

9. T-Cross specializes in manufacturing and exporting stainless steel products, including the TC-BS500 and the TC-BS1000 vacuum insulated beverage bottles (the "T-Cross bottles").

10. T-Cross used the "shotshell" wording in connection with the T-Cross bottles in 2007.

11. Marketing Specialists is a patent and trademark holder.

12. Marketing Specialists purports to own the '208 patent entitled "Beverage Vessel." Records at the USPTO list Marketing Specialists as the present assignee for the '208 patent. See Exhibit 1.

13. Marketing Specialists contends that the T-Cross bottles are covered by the '208 patent and that T-Cross willfully and intentionally infringed the '208 patent entitling Marketing Specialists remedies under Title 35 of the United States Code, including a trebling of damages.

14. T-Cross contends that the T-Cross bottles do not infringe on the '208 patent.

15. In addition, Marketing Specialists claims to be the rightful owner of the SHOTSHELL mark and the SHOTSHELL Mark Registration for "thermal insulated bottles for beverages." See Exhibit 2.

16. Marketing Specialists' alleged SHOTSHELL Mark Registration was registered on October 4, 2005 and it has not become incontestable yet.

17. Marketing Specialists contends that it has been using the SHOTSHELL mark in commerce since January 2005 in connection with its thermal insulated bottles for beverages.

18. Marketing Specialists contends that it is the prior user of the SHOTSHELL mark and T-Cross' use of the "shotshell" wording infringed its trademark rights allegedly vested in the SHOTSHELL mark and protected by the SHOTSHELL Mark Registration.

19. Marketing Specialists contends that T-Cross willfully and intentionally infringed the SHOTSHELL mark and the SHOTSHELL Mark Registration entitling Marketing Specialists remedies under the Lanham Act, including a trebling of damages.

20. On information and belief, Marketing Specialists has failed to insert federal trademark registration notice on its thermal insulated bottles for beverages, its packaging of such products, and advertising materials as required by 15 U.S.C. § 1111 to recover any damages.

21. Marketing Specialists sent emails to T-Cross on December 6, 2007, January 3, 2008, and further correspondences in writing referring to its '208 patent and the SHOTSHELL Mark Registration, and expressly threatened T-Cross with civil litigation and with recovery of treble damages.

22. Upon notification of Marketing Specialists' claims against T-Cross, T-Cross immediately ceased marketing and selling the T-Cross bottles.

23. T-Cross contends that it was not aware of the '208 patent, the use of the SHOTSHELL mark by Marketing Specialists, and the existence of the SHOTSHELL Mark Registration until the notification from Marketing Specialists on December 6, 2007.

24. T-Cross contends that Marketing Specialists has no trademark rights in the SHOTSHELL mark because it is merely descriptive of Marketing Specialists' shotgun shell shaped thermal insulated bottles and, therefore, the SHOTSHELL Mark Registration is invalid and unenforceable.

25. On information and belief, Marketing Specialists has informed T-Cross' customer, Wal-Mart Stores, Inc., that the T-Cross bottles infringe the '208 patent and the SHOTSHELL mark and SHOTSHELL Mark Registration.

26. Marketing Specialists' accusations of infringement have damaged T-Cross.

- 4 -

Complaint for: (1) Declaratory Judgment of Non-Infringement of Patent; (2) Declaratory Judgment of Invalidity and Unenforceability of Trademark and Non-Infringement of Trademark; and (3) Cancellation of Federal Trademark Registration

27. Marketing Specialists' alleged trademark and patent infringement claims and threat to T-Cross' customer, Wal-Mart, Inc., have negatively impacted T-Cross' sales and relationship with Wal-Mart, Inc.

28. T-Cross has suffered irreparable injury, including damage to its reputation as a result of Marketing Specialists' conduct.

29. Marketing Specialists' conduct have placed T-Cross under a reasonable apprehension that T-Cross will be sued for what Marketing Specialists' believes is the infringement of trademark and patent rights allegedly owned by Marketing Specialists.

30. Accordingly, an actual controversy exists between T-Cross and Marketing Specialists as to whether T-Cross' manufacture, use or sale of its products infringes the '208 patent, whether the SHOTSHELL Mark Registration is valid, and whether the use of the SHOTSHELL mark by T-Cross infringes Marketing Specialists' alleged SHOTSHELL mark. Absent a declaration of non-infringement of patent and trademark, a declaration of invalidity and unenforceability of trademark, and an order canceling the SHOTSHELL Mark Registration, Marketing Specialists will continue to wrongly assert rights under the '208 patent, the SHOTSHELL mark, and the SHOTSHELL Mark Registration against T-Cross, and thereby cause T-Cross irreparable harm.

## FIRST CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of
### United States Design Patent No. D495,208

31. T-Cross realleges and incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Marketing Specialists contends that the T-Cross bottles imported, made, used, sold, or offered for sale by T-Cross infringe the '208 patent.

33. T-Cross denies Marketing Specialists' contentions and alleges that the T-Cross bottles do not directly or indirectly infringe the '208 patent.

34. Marketing Specialists' accusations of infringement of the '208 patent have caused, and will continue to cause, damage to T-Cross.

Complaint for: (1) Declaratory Judgment of Non-Infringement of Patent; (2) Declaratory Judgment of Invalidity and Unenforceability of Trademark and Non-Infringement of Trademark; and (3) Cancellation of Federal Trademark Registration

35. On information and belief, Marketing Specialists is likely to continue its accusations of infringement of the '208 patent against T-Cross.

36. An actual controversy thus exists between T-Cross and Marketing Specialists as to whether the accused T-Cross bottles infringe the '208 patent.

37. Accordingly, T-Cross seeks and is entitled to a judgment against Marketing Specialist that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '208 patent.

## SECOND CAUSE OF ACTION

### Declaratory Judgment of Invalidity and Unenforceability of Trademark and Non-Infringement of Trademark

38. T-Cross realleges and incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. Marketing Specialists contends that the T-Cross bottles imported, made, used, sold, or offered for sale by T-Cross infringe the SHOTSHELL mark and the SHOTSHELL Mark Registration.

40. T-Cross denies Marketing Specialists' contentions and asserts that T-Cross' use of the "shotshell" wording in connection with the T-Cross bottles was to describe the shotgun shell shape (also known as "shotshell") of the T-Cross bottles.

41. Marketing Specialists' thermal insulated bottles sold under the SHOTSHELL mark is also in a shotgun shell shape. Marketing Specialists touts about the shotgun shell design of its thermal insulated bottles on the packaging of the products and its advertising materials. Marketing Specialists even categorizes its products as 12 gauge and 20 gauge to define their sizes. The term "gauge" is used to define the dimensions of a shotgun shell, not a thermal insulated bottle.

42. T-Cross contends that the SHOTSHELL mark does not function as a trademark because the SHOTSHELL mark merely describes the shape and characteristic of Marketing Specialists' shotgun shell shaped thermal insulated bottles. Pursuant to 15 U.S.C. § 1052(e), merely descriptive marks are not registrable on the Principle Register. Accordingly, the SHOTSHELL

mark, for use with Marketing Specialists' shotgun shell shaped thermal insulated bottles, is incapable of exclusive appropriation as a trademark, and therefore should not be afforded with trademark protection.

43. Further, the merely descriptive SHOTSHELL mark is incapable of distinguishing Marketing Specialists' shotgun shell shaped thermal insulated bottles from third parties' shotgun shell shaped products, including T-Cross', and therefore, the SHOTSHELL mark lacks a secondary meaning. Due to the descriptiveness of the "shotshell" wording, consumers would not associate the "shotshell" wording with only one source, particularly Marketing Specialists, for shotgun shell shaped thermal insulated bottles or similar products. Consequently, there is no likelihood of consumer confusion due to the use of the "shotshell" wording by T-Cross for the T-Cross bottles.

44. As such, Marketing Specialists' should not be allowed to prevent third parties, including T-Cross, from advertising and describing their shotgun shell shaped products with a descriptive term as "shotshell" by claiming trademark rights in the SHOTSHELL mark and under the SHOTSHELL Mark Registration since the SHOTSHELL mark is merely descriptive of Marketing Specialists' shotgun shell shaped thermal insulated bottles and does not function as a trademark.

45. Marketing Specialists thus does not own any trademark rights in the SHOTSHELL mark because it is merely descriptive, and, thus, the SHOTSHELL Mark Registration is invalid and unenforceable.

46. Marketing Specialists' allegations of infringement are barred under the doctrines of unclean hands and misuse.

47. Marketing Specialists' trademark rights in and to the SHOTSHELL mark are unenforceable due to its unclean hands and misuse in asserting infringement of trademark rights beyond that which it knows are valid and enforceable.

48. Marketing Specialists' accusations of trademark infringement have caused, and will continue to cause, damage to T-Cross.

- 7 -

Complaint for: (1) Declaratory Judgment of Non-Infringement of Patent; (2) Declaratory Judgment of Invalidity and Unenforceability of Trademark and Non-Infringement of Trademark; and (3) Cancellation of Federal Trademark Registration

49. Marketing Specialists' accusations of infringement and threat of litigation regarding the SHOTSHELL Mark Registration have created a reasonable apprehension that T-Cross will be subject to liability if it continues to use the "shotshell" wording.

50. On information and belief, Marketing Specialists is likely to continue its accusations of trademark infringement against T-Cross.

51. Accordingly, T-Cross seeks and is entitled to a judgment against Marketing Specialist that the SHOTSHELL mark and the SHOTSHELL Mark Registration is invalid and unenforceable and that T-Cross does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, Marketing Specialists' alleged trademark rights.

### THIRD CAUSE OF ACTION

**Cancellation of United States**

**Trademark Registration No. 3004807**

52. T-Cross realleges and incorporates by reference paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. An actual controversy exists between T-Cross and Marketing Specialists as to whether the SHOTSHELL Mark Registration is valid.

54. If Marketing Specialists is permitted to continue to maintain the SHOTSHELL Mark Registration, the same may be deemed incontestable after five (5) years from the date of registration, and Marketing Specialists would thereby obtain an incontestable right to use the SHOTSHELL mark in commerce. Further, the continued existence of such registration casts a cloud upon T-Cross' right to use the "shotshell" wording in commerce. Such registration is thus a source of damage and injury to T-Cross.

55. Accordingly, T-Cross seeks and is entitled to an Order against Marketing Specialist canceling the SHOTSHELL Mark Registration under 15 U.S.C. §§ 1052(e), 1119, and 1064 based on the merely descriptive nature of SHOTSHELL mark.

//

//

Complaint for: (1) Declaratory Judgment of Non-Infringement of Patent; (2) Declaratory Judgment of Invalidity and Unenforceability of Trademark and Non-Infringement of Trademark; and (3) Cancellation of Federal Trademark Registration

Tel: (408) 286-8933
Fax: (408) 286-8932
olee@iplg.com
jmejia@iplg.com
maviguetero@iplg.com

Attorneys for Plaintiff
T-Cross

- 10 -

**Complaint for: (1) Declaratory Judgment of Non-Infringement of Patent; (2) Declaratory Judgment of Invalidity and Unenforceability of Trademark and Non-Infringement of Trademark; and (3) Cancellation of Federal Trademark Registration**

## PRAYER FOR RELIEF

WHEREFORE, T-Cross prays for relief against Marketing Specialists as follows:

A.   A declaration that T-Cross does not infringe the '208 patent;

B.   A declaration that T-Cross' case against Marketing Specialists is an exceptional case within the meaning of 35 U.S.C. § 285;

C.   A declaration that Marketing Specialists does not own trademark rights for the SHOTSHELL mark and the SHOTSHELL Mark Registration;

D.   A declaration that Marketing Specialists' alleged SHOTSHELL mark and SHOTSHELL Mark Registration is invalid and unenforceable;

E.   A declaration that T-Cross does not infringe the SHOTSHELL mark and the SHOTSHELL Mark Registration;

F.   An Order permanently enjoining Marketing Specialists from asserting or threatening to assert infringement of the '208 patent, the SHOTSHELL mark, and the SHOTSHELL Mark Registration against T-Cross, from engaging in acts or conduct which suggests in any way that Marketing Specialists has the right to curtail any activity of T-Cross, and from prosecuting any action in any other Court to prevent T-Cross from using the SHOTSHELL wording;

G.   An Order canceling registration of Marketing Specialists SHOTSHELL Mark Registration under 15 U.S.C. § 1119.

H.   An award of costs and attorneys' fees to T-Cross; and

I.   Such other and further relief as the Court deems just and reasonable.

Dated: May 8, 2008

INTELLECTUAL PROPERTY LAW
GROUP LLP

By: _____
Otto O. Lee
John V. Mejia
Margaux A. Aviguetero
Intellectual Property Law Group LLP
12 S. First St., 12th Floor
San Jose, California 95113

Complaint for: (1) Declaratory Judgment of Non-Infringement of Patent; (2) Declaratory Judgment of Invalidity and Unenforceability of Trademark and Non-Infringement of Trademark; and (3) Cancellation of Federal Trademark Registration

# EXHIBIT 1

US00D495208S1

US D495,208 S

(12) **United States Design Patent**  (10) Patent No.:   **US D495,208 S**
Putnam                                  (45) Date of Patent:   ** Aug. 31, 2004

(54) BEVERAGE VESSEL

(75) Inventor: Allen Putnam, Carson City, NV (US)

(73) Assignee: Marketing Specialists, Inc., Rogers, AR (US)

(**) Term: 14 Years

(21) Appl. No.: 29/196,509

(22) Filed: Dec. 30, 2003

(51) LOC (7) Cl. .................................................. 07-01
(52) U.S. Cl. ...................................... D7/509; D7/300.1
(58) Field of Search ..................... D7/532, 523, 300,
        D7/300.1, 509, 510, 511, 533, 536; 206/218;
        220/630, 23.86, 713, 703, 718, 705, 710.5,
        714, 708; 215/396, 398, 307, 11.6; D9/505,
        500; D26/11

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 2,776,691 | A | * | 1/1957 | Tupper | 220/256.1 |
| 2,782,614 | A | * | 2/1957 | Currie | 220/718 |
| D265,974 | S | * | 8/1982 | Gombert | D9/503 |
| D286,604 | S | * | 11/1986 | Bierlein et al. | D7/523 |
| 4,852,757 | A | * | 8/1989 | Gold | 220/403 |
| 5,020,680 | A | * | 6/1991 | Bale | 215/11.6 |
| D371,304 | S | * | 7/1996 | Onneweer | D9/503 |
| D374,147 | S | * | 10/1996 | Lillelund et al. | D7/300.1 |
| D377,293 | S | * | 1/1997 | Husted | D7/510 |
| D386,644 | S | * | 11/1997 | Orrico et al. | D7/300 |
| D387,619 | S | * | 12/1997 | Gross et al. | D7/510 |
| D408,689 | S | * | 4/1999 | Kato | D7/608 |
| D421,139 | S | * | 2/2000 | Garcia-Maldonado | D26/11 |
| D424,875 | S | * | 5/2000 | Husted | D7/510 |
| D428,768 | S | * | 8/2000 | Betras | D7/510 |
| D451,760 | S | * | 12/2001 | Fox | D7/510 |
| D451,761 | S | * | 12/2001 | Poly | D7/523 |
| D471,064 | S | * | 3/2003 | Renz | D7/523 |
| D472,101 | S | * | 3/2003 | Janky | D7/532 |

* cited by examiner

Primary Examiner—M. N. Pandozzi

(57) **CLAIM**

The ornamental design for a beverage vessel, as shown.

**DESCRIPTION**

FIG. 1 is a perspective view of a beverage vessel showing my new design;
FIG. 2 is an exploded perspective view thereof;
FIG. 3 is an side elevation view thereof; all other side elevation views being identical.
FIG. 4 is an exploded side elevation view thereof;
FIG. 5 is a top plan view thereof; and,
FIG. 6 is a bottom plan view thereof.
The broken lines in the drawings are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 4 Drawing Sheets**



**U.S. Patent**  Aug. 31, 2004  Sheet 1 of 4  US D495,208 S



*Fig. 1*



Fig. 2



Fig. 3



Fig. 5



Fig. 6



Fig. 4

# EXHIBIT 2



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Feb 21 04:10:30 EST 2008*

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP] [PREV LIST] [CURR LIST] [NEXT LIST]
[FIRST DOC] [PREV DOC] [NEXT DOC] [LAST DOC]

[Logout] Please logout when you are done to release system resources allocated for you.

[Start] List At: [   ]  OR  [Jump] to record: [   ]   **Record 3 out of 4**

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] *( Use the "Back" button of the Internet Browser to return to TESS)*

# SHOTSHELL

| | |
|---|---|
| **Word Mark** | SHOTSHELL |
| **Goods and Services** | IC 021. US 002 013 023 029 030 033 040 050. G & S: THERMAL INSULATED BOTTLES FOR BEVERAGES. FIRST USE: 20050100. FIRST USE IN COMMERCE: 20050100 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 76559932 |
| **Filing Date** | November 3, 2003 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 9, 2004 |
| **Registration Number** | 3004807 |
| **Registration Date** | October 4, 2005 |
| **Owner** | (REGISTRANT) Marketing Specialists, Inc. CORPORATION ARKANSAS 416 W. Stribling Drive Rogers ARKANSAS 72756 |
| **Attorney of Record** | Roger C. Clapp |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [TOP] [HELP] [PREV LIST] [CURR LIST] [NEXT LIST]
[FIRST DOC] [PREV DOC] [NEXT DOC] [LAST DOC]

§ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
T-Cross, a South Korean sole proprietorship

### DEFENDANTS
Marketing Specialists, Inc., an Arkansas corporation

**(b)** County of Residence of First Listed Plaintiff  South Korea
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Benton County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Otto O. Lee, John V. Mejia, and Margaux A. Aviguetero
INTELLECTUAL PROPERTY LAW GROUP LLP
12 S. First St., 12th Floor
San Jose, CA 95113

Attorneys (If Known)

Boyd D. Cox
75 N. East Ave., Suite 506
Fayetteville, AR 72701

C08  02373  RS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [x] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC, §§ 1051, et seq., (trademark action) and 35 USC §§ 1, et seq. (patent action).
Brief description of cause:
Request for declaratory judgment of non-infringement of patent and request for an Order cancelling a registered mark

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE: May 8, 2008

SIGNATURE OF ATTORNEY OF RECORD: *Margaux Aviguetero*